IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUAN MARGARITO CONTRERAS LLANAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-1569-RP |
| | § | |
| MARKWAYNE MULLIN, *in his official capacity as* | § | |
| *Secretary, U.S. Department of Homeland Security*, et al., | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Before the Court is Petitioner Juan Margarito Contreras Llanas's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on June 10, 2026. (Dkt. 1). Petitioner challenges his ongoing detention without an individualized determination of the necessity of that detention. (Pet., Dkt. 1, at 15–17). On June 26, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause within three days as to why the petition should not be granted. (Dkt. 3). On June 29, 2026, Respondents Todd Blanche, Markwayne Mullin, Todd Lyons, and Sylvester Ortega (collectively, "Respondents")[1] filed a response in opposition, (Dkt. 7).[2] On July 1, 2026, Petitioner filed a reply. (Dkt. 8). Having considered the parties' arguments, the evidence presented, and the relevant law, the Court issues the following order.

Petitioner pleads that he has been detained at the T. Don Hutto Residential Center since April 15, 2026—approximately **eighty-four days**. (Pet., Dkt. 1, at 1, 4, 6). The Fifth Circuit recently held in a published opinion that the Government must release detainees who have been held in immigration detention without a bond hearing under 8 U.S.C. § 1225(b)(2) for longer than ninety

---

[1] The Response is filed only on behalf of the federal employees in this action. (Resp., Dkt. 7, at 1 n.1).
[2] On June 23, 2026, the Court granted Respondents' unopposed motion to extend their deadline to respond from June 22, 2026, to June 29, 2026. (Text Order dated June 23, 2026).

days.[3] *Sosnava Rodriguez v. Ortega*, No. 26-50183, --- F.4th ---, 2026 WL 1906557, at *17 (5th Cir. July 2, 2026) ("If still detained pre-removal, today's opinion would require their release unless they had been provided a bond hearing that denied release.").

Given that Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), (Resp., Dkt. 7, at 1), and Petitioner has not yet been given a bond hearing, the Court **ORDERS** that on **July 15, 2026**—ninety-one days after Petitioner's detention—Respondents shall file a status report either (a) stating that Petitioner received a constitutionally adequate bond hearing within ninety days and attaching (1) the notice of the hearing that was served in advance on Petitioner and Petitioner's attorney, if any; (2) a transcript of the bond hearing; and (3) the Immigration Judge's written order, or (b) confirming that Respondents released Petitioner from detention, pursuant to the Fifth Circuit's decision in *Sosnava Rodriguez v. Ortega*, No. 26-50183.

**SIGNED** on July 8, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[3] Though the mandate has not yet issued, the Court considers this published opinion to be binding. A stay in the issuance of a mandate does not impact the precedential value of published opinions. *See, e.g.*, *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992); *Acute Care Ambul. Serv., L.L.C. v. Azar II*, No. 7:20-CV-00217, 2020 WL 7640206, at *13 (S.D. Tex. Dec. 3, 2020). Moreover, per Federal Rule of Appellate Procedure 36(a), "A judgment is entered when it is noted on the docket." Fed. R. App. P. 36(a). The Fifth Circuit has entered judgment in *Rodriguez*. *See Rodriguez*, No. 26-50183, Dkt. 161 (5th Cir. July 2, 2026).