IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JUAN MARGARITO CONTRERAS LLANAS, §
§
Petitioner, §
§
v. § 1:26-CV-1569-RP
§
MARKWAYNE MULLIN, *in his official capacity as* §
*Secretary, U.S. Department of Homeland Security*, et al., §
§
Respondents. §

## **ORDER**

Before the Court is Petitioner Juan Margarito Contreras Llanas's (Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on June 10, 2026. (Dkt. 1). On June 16, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause within three days as to why the petition should not be granted. (Dkt. 3). On June 23, 2026, the Court granted Respondents' Unopposed Motion for Extension of Time to File Their Response, (Dkt. 5). (Text Order dated June 23, 2026). On June 29, 2026, Respondents Todd Blanche, Todd Lyons, Markwayne Mullin, and Sylvester Ortega (together, "Respondents")[1] filed a response in opposition, (Dkt. 7), to which Petitioner replied, (Dkt. 8).

On July 8, 2026, the Court issued an Amended Order[2] requiring that on July 15, 2026—ninety-one days after Petitioner's detention—Respondents file a status report either (a) stating that Petitioner received a constitutionally adequate bond hearing within ninety days and attaching (1) the notice of the hearing that was served in advance on Petitioner and Petitioner's attorney, if any; (2) the Immigration Judge's record of the bond hearing; and (3) the Immigration Judge's decision, or (b)

---

[1] The Response is filed only on behalf of the federal employees in this action. (Resp., Dkt. 7, at 1 n.1).
[2] The Court issued an Order earlier that day that required a revision, (Dkt. 9); thus, the Court filed an Amended Order shortly afterwards, (Dkt. 10).

1

confirming that Respondents released Petitioner from detention, pursuant to the Fifth Circuit's decision in *Sosnava Rodriguez v. Ortega*, No. 26-50183. (Am. Order, Dkt. 10, at 2). The Court's Amended Order relied on the Fifth Circuit's recent opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026), which has since been vacated by the Fifth Circuit in its order granting a petition for rehearing *en banc. See Sosnava Rodriguez v. Ortega*, No. 26-50183, Dkts. 174, 176 (5th Cir. July 10, 2026).

On July 15, 2026, Respondents filed a Status Report detailing that Petitioner was provided with a bond hearing in immigration court on July 14, 2026, and bond was denied by the immigration judge. (Status Report, Dkt. 11, at 1). Respondents served Petitioner's attorney with the notice of hearing in advance and attached the order of the immigration judge from the bond hearing. (Cert. of Service, Dkt. 11-2; Immigration Judge Order, Dkt. 11-1).

Having considered the parties' representations, evidence presented, and relevant law, the Court will deny the Petition for Writ of Habeas Corpus.

## I. BACKGROUND

Petitioner, a citizen of Mexico, is detained at the T. Don Hutto Detention Center located in Taylor, Texas. (Pet., Dkt. 1, at 4). Petitioner has resided continuously in the United States since he last entered in approximately 20023. (*Id.* at 5). Petitioner alleges that he was previously detained by U.S. Immigration and Customs Enforcement ("ICE") and released on bond. (*Id.*). On approximately April 15, 2026, Petitioner was re-detained by ICE and placed in first the Pflugerville ICE Processing Center and then the T. Don Hutto Detention Center. (*Id.* at 6). Respondents allege that Petitioner is detained under 8 U.S.C. § 1225(b)(2). (Resp., Dkt. 7, at 1). Petitioner challenges his ongoing detention without an individualized determination of the necessity of that detention. (Pet., Dkt. 1, at 15–17).

As discussed above, Petitioner received a bond hearing on July 14, 2026, per the Court's Amended Order, (Dkt. 10), before the Fifth Circuit vacated its recent opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026). *See Sosnava Rodriguez v. Ortega*, No. 26-50183, Dkts. 174, 176 (5th Cir. July 10, 2026). At Petitioner's bond hearing, the Immigration Judge concluded that because the Fifth Circuit vacated its recent opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026), the immigration court no longer had jurisdiction to conduct a bond hearing per precedent of the Board of Immigration Appeals. (Immigration Judge Order, Dkt. 11-1, at 1 (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)).

The Immigration Judge, however, made two alternative holdings pertaining to its analysis of Petitioner's danger to the community and flight risk. (*Id.* at 1–2). The Immigration Judge decided that because Petitioner is facing either his third or fourth Driving While Intoxicated ("DWI") charge, he "has not met his burden of proof to show that he is not a danger to the community." (*Id.* at 2). The Immigration Judge also held that although Petitioner's order of removal is not yet administratively final, his "potential relief from removal is very limited at this stage" and therefore he has "little incentive to appear for future immigration proceedings or, if necessary, to surrender himself for removal." (*Id.*). Finally, the Immigration Judge found that Petitioner's "pending criminal charges also greatly elevate the flight risk he poses." (*Id.*). As such, the Immigration Judge concluded that Petitioner is "such a great flight risk that no bond is appropriate in his case." (*Id.*).

## II. DISCUSSION

The Court first considers whether it has jurisdiction to decide Petitioner's claims. Petitioner's claims are predicated on an argument that he is being detained unlawfully without an opportunity for a bond hearing. But Petitioner has now received a bond hearing. Under 8 U.S.C.§ 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be

subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." In this case, therefore, the Court concludes that Section 1226(e) prohibits federal courts from setting aside the decision of an immigration judge regarding the denial of bond to a noncitizen. Because the decision to detain Petitioner without bond was made following an individualized review of the record by the Immigration Judge, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claims.[3] "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, Petitioner's Petition must be denied and the Court does not reach the parties' additional arguments.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED** for lack of jurisdiction.

**SIGNED** on July 28, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[3] "This is not to say a noncitizen who has been afforded a bond hearing could never prevail on claims arising under the Due Process Clause. The Court's determinations herein are limited to the facts of this case." *Orlando Vicente-Vicente v. Warden, Operator of the ERO El Paso Camp E. Montana, et al.*, No. EP-26-CV-00800-DB, 2026 WL 895626, at *2 (W.D. Tex. Apr. 1, 2026).

4